*JUDGE SEIBEL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

13 CV 2080

| | |
|---|---|
| **KEITH CHISOLM,** Individually, and On Behalf of All Others Similarly Situated, | **CIVIL ACTION No.** |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| **BEST BUY STORES, LP,** | |
| Defendant. | |

Plaintiff, **Keith Chisolm**, individually and on behalf of all others similarly situated, by and through his attorneys, JTB Law Group, L.L.C., as and for his Complaint, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorneys' fees as a result of Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and  New York State Wage and Hour laws.

2.      The proposed Class is composed of current and former hourly employees at Defendant's Mt. Vernon store located at 555 E Sandford Blvd, Mt. Vernon, NY during the applicable statutory period.

3.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* in connection with Defendant's uniform policy and practice in violation of its statutory obligations to pay Plaintiff and the other similarly situated employees overtime compensation at a rate of time and a half

1

(1.5) his regular rate of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

4.      Plaintiff, individually and on behalf of all others similarly situated, also brings this action under New York's minimum wage and overtime statute and regulations. More specifically, Plaintiff asserts that he is entitled to unpaid regular wages for gap time hours and unpaid overtime compensation for all work hours beyond forty (40) per week, at a rate of 1.5 times his regular rate of pay, pursuant to N.Y.L.L. Article 6 §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and 12 N.Y. Comp. Code R. & Regs. ("N.Y.C.R.R.") §§ 137-1.3, 142-2.2 (hereinafter "NYWHL"). Plaintiff also brings this action to recover unpaid compensation at the basic minimum hourly wage rate for each hour Plaintiff worked over ten (10) hours in any given day for which Defendant did not pay, in violation of the spread-of-hours provisions of NYWHL.

5.      Upon information and belief, for at least six (6) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.  As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

8.      BEST BUY STORES, LP (hereinafter "Defendant" or "BEST BUY") is a business corporation organized and existing under the laws of the State of Minnesota. Defendant has annual gross revenues exceeding $500,000.00.

9.      Defendant is actively doing business in the State of New York and this District. Defendant maintains numerous facilities and places of business in the State of New York, including, but not limited to, the store located at 555 E Sandford Blvd, Mt. Vernon, NY ("Mt. Vernon location").

10.     Defendant is employer engaged in interstate commerce as that term is defined under the FLSA and NYWHL.

11.     At all relevant times, Plaintiff, Keith Chisolm, was and is a resident of Suffolk County, State of New York.

12.     At all relevant times, Plaintiff has been employed by Defendant as an hourly paid geek squad technician from approximately October 2002 to present.

## FACTUAL ALLEGATIONS

13.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

14.     Defendant is a privately owned establishment operating and doing business for selling goods and various computer-related services and accessories for residential and commercial clients.

15.     Defendant operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

16.     At all times relevant herein, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

17.     At all times  relevant herein, Defendant was/is the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d) and N.Y. Labor Law §651(6).

18.     At all times  relevant herein, Defendant either directly or indirectly hired Plaintiff and all other similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

19.     At all times relevant herein, Defendant controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiff and the other similarly situated employees.

20.     At all relevant times herein, Plaintiff and the other similarly situated persons employed by Defendant at the Mt. Vernon location, were/are non-exempt employees and paid an hourly rate of compensation.

21.     Upon information and belief, during the applicable statutory period, Defendant employed at least fifty (50) hourly employees at the Mt. Vernon location.

22.     At the beginning of every work day, Plaintiff and the other similarly situated employees at Defendant's Mt. Vernon store were/are required to perform pre-shift work, including, but not limited to, reporting to work and preparation work in order to start scheduled shifts. At the end of every work day, Plaintiff and the other similarly situated employees were locked in the store against their will to perform post-shift work after they clocked out, including, but not limited to, post-shift briefings, meetings and post-shift security checks, and were not paid any compensation

for the time worked. The pre-shift and post-shift work performed by Plaintiff and the putative class members were off the clock, not recorded in Defendant's time keeping system.

23.    At all relevant times herein, Defendant maintained control, oversight, and direction over Plaintiff and the putative class members, including the promulgation and enforcement of policies affecting the payment of wages for off-the-clock hours and overtime compensation.

24.    Defendant has consistently, and continues to enforce a uniform policy and/or practice of permitting, encouraging, and/or requiring its hourly employees, including Plaintiff and the putative class members, to work off-the-clock and overtime, without compensation, as hereinafter described.

25.    At all times relevant herein, pursuant to Defendant's common and uniform practice, Plaintiff and the other similarly situated employees were/are required to work off the clock and overtime, including but not limited to, reporting to work, pre-shift preparation work, and post-shift work. Post-shift work includes, but not limited to, post-shift briefings, meetings and post-shift security checks.

26.    At all relevant times herein, Defendant has failed to accurately record all of the time worked off-the-clock and overtime by Plaintiff and similarly situated employees, and failed to properly compensate them for all such off-the-clock and overtime hours.

27.    At all relevant times herein, starting more than six (6) years prior to the filing of this action and continuing to the present, Defendant has deprived Plaintiff and all other similarly situated employees of compensation for off-the-clock and overtime hours worked, as described herein.

28.    Plaintiff and similarly situated employees were required by Defendant and did regularly work well over forty (40) hours per week.

5

29.     During the applicable statutory period, Plaintiff and similarly situated employees were paid an hourly rate, but not paid proper overtime compensation by Defendant for weeks worked in excess of forty (40) hours.

30.     Upon information and belief, at all times relevant herein, Defendant has failed to keep full and accurate records of Plaintiff's and similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

31.     At all relevant times herein, Plaintiff and the other similarly situated employees worked in the manner described above and Defendant encouraged, instructed, and/or required them to work in this manner.

32.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

33.     Defendant's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.


## CLASS ACTION ALLEGATIONS

34.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

35.     Plaintiff brings this action individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA and the NYWHL, as described in this Complaint.

36.     Plaintiff brings this class action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all the unpaid regular and overtime wages.

37.     Plaintiff brings this claim for relief for Defendant's violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

> **(a)     All current and former employees of Defendant who were/are hourly employees at the Mt. Vernon location in the State of New York during the applicable statutory period, and who:**
>
> > **(i)  Worked/work in excess of forty (40) hours after the aggregation of scheduled shifts hours and any pre-shift and post-shift work hours per week; and**
> >
> > **(ii) Were/are not paid overtime compensation at time and a half of their regular rate of pay for hours they worked/work in excess of forty (40) hours for each week.**

38.     The Rule 23 Class under the NYWHL is defined as follows:

> **(a)     All current and former employees of Defendant who were/are hourly employees at the Mt. Vernon location in the State of New York during the applicable statutory period, and who:**
>
> > **(i)  Performed/perform pre-shift and post-shift work for each single week and were/are not paid their regular wages for straight or gap time hours for the pre-shift and post-shift work; or**
> >
> > **(ii) Worked/work in excess of forty (40) hours after the aggregation of scheduled shifts hours and any pre-shift and post-shift work hours per week and were/are**

7

**not paid overtime compensation at time and a half of their regular rate of pay for hours they worked/work in excess of forty (40) hours for each week.**

39.    This action is properly brought as a class action pursuant to the collective action procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

40.    The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least 50 putative class members have worked for Defendant during the applicable statutory period, without receiving appropriate regular wages and/or overtime compensation, as required by law.

41.    This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

        a.    Whether DEFENDANT is liable to Plaintiff and members of the Class for violations of the FLSA and NYWHL;

        b.    Whether Plaintiff and members of the Class worked off the clock;

        c.    Whether DEFENDANT failed to pay Plaintiff and members of the Class regular wages for all hours worked off-the-clock;

        d.    Whether DEFENDANT failed to pay Plaintiff and members of the Class overtime compensation for all hours in the work week in excess of forty (40).

42.    This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein. Like all Class members, Plaintiff was damaged

8

by Defendant's policies and practices which failed to pay regular wages for off-the-clock hours

worked and overtime compensation for all hours in a work week in excess of forty (40)

43.    Plaintiff has no interests antagonistic to the interests of the other members of the Class.

Plaintiff is committed to the vigorous prosecution of this action and has retained competent

counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative

and will fairly and adequately protect the interests of the Class.

44.    A class action is an appropriate and superior method for the fair and efficient adjudication

of the present controversy given the following factors:

      a.  Common questions of law and/or fact predominate over any individual questions

      which may arise, and, accordingly, there would accrue enormous savings to both the

      Court and the Class in litigating the common issues on a classwide instead of on a

      repetitive individual basis;

      b.  Despite the relatively small size of individual Class members' claims, their

      aggregate volume, coupled with the economies of scale inherent in litigating similar

      claims on a common basis, will enable this case to be litigated as a Class action on a

      cost-effective basis, especially when compared with repetitive individual litigation;

      and

      c.  No unusual difficulties are likely to be encountered in the management of this

      class action in that all questions of law and/or fact to be litigated at the liability stage

      of this action are common to the Class.

45.    Class certification is also fair and efficient because prosecution of separate actions by

individual Class members would create a risk of differing adjudications with respect to such

individual members of the Class, which as a practical matter may be dispositive of the interests

of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

46.      Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NYWHL claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

**FIRST CLAIM FOR RELIEF**
**(Individual Claims for Violation of FLSA)**

47.      Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

48.      Defendant required Plaintiff to work off-the-clock to perform pre-shift and post-shift work, but failed to pay Plaintiff compensation for any off-the-clock hours worked.

49.      Defendant's failure to pay Plaintiff compensation for any off-the-clock hours worked violates the FLSA.

50.      Defendant required Plaintiff to work hours in a work week in excess of forty (40) after the aggregation of Plaintiff's scheduled shifts hours and any pre-shift and post-shift work hours.

51.      Defendant failed to pay Plaintiff overtime compensation at time and a half of his regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

52.      Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

53.      Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

54.      As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid

amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of NYWHL)

55.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

56.    Defendant required Plaintiff to work off-the-clock to perform pre-shift and post-shift work, but failed to pay Plaintiff proper regular and overtime wages for any off-the-clock hours worked, including the gap time and overtime hours.

57.    Defendant's failure to pay Plaintiff proper regular and overtime wages for any off-the-clock hours worked violates the NYWHL.

58.    Defendant required Plaintiff to work hours in a work week in excess of forty (40) after the aggregation of Plaintiff's scheduled shifts hours and any pre-shift and post-shift work hours.

59.    Defendant failed to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40).

60.    Defendant's failure to pay Plaintiff overtime compensation at time and a half of his regular rate of pay for hours in a work week in excess of forty (40) violates the NYWHL.

61.    A six (6) year statute of limitations applies to each such violation, pursuant to N.Y. Labor Law §§ 198(3), 663(3).

62.    Defendant's conduct and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

63.    As a result of the foregoing, Plaintiff was illegally deprived of regular and overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid regular and overtime compensation, liquidated damages, pre-judgment interest, costs,

reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

## THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

64.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

65.     Defendant required Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York to work off-the-clock to perform pre-shift and post-shift work, but failed to pay them proper compensation for any off-the-clock hours worked.

66.     Defendant's failure to pay Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York proper compensation for any off-the-clock hours worked violates the FLSA.

67.     Defendant required Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York to work hours in a work week in excess of forty (40) after the aggregation of their scheduled shifts hours and any pre-shift and post-shift work hours.

68.     Defendant failed to pay Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York overtime compensation at time and a half of their regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

69.     Defendant's conduct and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

70.     Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

71.     As a result of the foregoing, Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York were illegally deprived of proper overtime

compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

### FOURTH CLAIM FOR RELIEF
#### (Rule 23 Class Action Claim for Violation of NYWHL)

72.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

73.     Defendant required Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York to work off-the-clock to perform pre-shift and post-shift work, but failed to pay them proper compensation for any off-the-clock hours worked, including the gap time and overtime hours.

74.     Defendant's failure to pay Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York regular and overtime wages for any off-the-clock hours worked violates the NYWHL.

75.     Defendant required Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York to work hours in a work week in excess of forty (40) after the aggregation of their scheduled shifts hours and any pre-shift and post-shift work hours.

76.     Defendant failed to pay Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York overtime compensation at time and a half of their regular rates of pay for hours in a work week in excess of forty (40), in violation of the NYWHL.

77.     Defendant's conduct and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

78.     A six (6) year statute of limitations applies to each such violation, pursuant to N.Y. Labor Law §§ 198(3), 663(3).

79.     As a result of the foregoing, Plaintiff and similarly situated hourly employees at the Mt. Vernon location in the State of New York were illegally deprived of regular and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for declaratory relief and damages as follows:

A.      A declaratory judgment that DEFENDANT's wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B.      A declaratory judgment that DEFENDANT's wage practices alleged herein violate the NYWHL and related regulations.

C.      Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

D.      Judgment for damages for all unpaid regular wages and overtime compensation under the NYWHL and the relating regulations.

E.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period.

F.      Judgment for liquidated damages pursuant to the NYWHL and the relating regulations.

G.    Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

H.    An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

I.    Such other and further relief as to this Court may deem necessary, just and proper.

Dated: March 28, 2013
      Jersey City, NJ

                                      **JTB LAW GROUP, LLC**

                                      By: _____
                                      Jason T. Brown
                                      155 2nd Street, Suite 4
                                      Jersey City, NJ 07302
                                      Telephone: (201) 630-0000
                                      Facsimile: (855) JTB-LAWS

                                      *Attorneys for Plaintiff*